
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

| | |
|---|---|
| RONNIE MCCOY, ) | |
| ) | Civil Action No. 7: 05-174-DCR |
| Plaintiff, ) | |
| ) | |
| V. ) | |
| ) | **MEMORANDUM OPINION** |
| JO ANNE BARNHART, ) | **AND ORDER** |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*   \*\*\*

This case involves a claim for disability insurance benefits and supplemental income payments being sought by Ronnie McCoy (McCoy or the Claimant). This matter is before the Court for consideration of the parties competing motions for summary judgment [Record Nos.4 and 7]  Because the decision of the Administrative Law Judge is not contrary to the substantial evidence, the Commissioner's Motion for Summary Judgment will be granted and the Claimant's motion will be denied.

**I.   PROCEDURAL HISTORY**

Ronnie McCoy is currently 54 years old, and has a 9th grade education with no other specialized training. He has previous work experience as a machine shop motor repairman. His alleged disability is based upon breathing problems, a cardiac condition, and anxiety and depression. McCoy first filed a claim for Disability Insurance Benefits (DIB) and Supplemental Security Income Benefits (SSI) on July 20, 1998, alleging a disability onset date of August 1, 1997. He was ultimately given an unfavorable decision by Administrative Law Judge (ALJ)

Robert Deich on October 26, 1999. That decision was affirmed by the Appeals Council on October 10, 2000.

On March 27, 2002, Judge G. Wix Unthank reversed the decision of the ALJ and remanded the case for further proceedings. Judge Unthank concluded that the ALJ's decision was not supported by the substantial evidence insofar as the hypothetical presented to the vocational expert understated McCoy's functional limitations. On remand, the case was consolidated with an additional application filed by McCoy on August 31, 2001.

The consolidated cases then went before ALJ Don Paris, who denied the applications on December 12, 2003. After the Appeals Council declined jurisdiction on April 2, 2005, McCoy initiated this action.

## II.     LEGAL STANDARD

A claimant's Social Security disability determination is made by an ALJ in accordance with a five-step analysis. If the claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step.

First, a claimant must demonstrate that he is not currently engaged in substantial gainful employment at the time of the disability application. 20 C.F.R. § 404.1520(b). Second, a claimant must show that he suffers from a severe impairment. 20 C.F.R. § 404.1520(c). Third, if the claimant is not engaged in substantial gainful employment and has a severe impairment which is expected to last for at least twelve months, which meets or equals a listed impairment, he will be considered disabled without regard to age, education, and work experience. 20 C.F.R. § 404.1520(d). Fourth, if the Commissioner cannot make a determination of disability based on

medical evaluations and current work activity and the claimant has a severe impairment, the Commissioner will then review the Claimant's residual function capacity (RFC) and relevant past work to determine if he can do past work. If he can, he is not disabled. 20 C.F.R. §404.1520(e).

Under the fifth step of this analysis, if the claimant's impairment prevents him from doing past work, the Commissioner will consider his RFC, age, education and past work experience to determine if he can perform other work. If he cannot perform other work, the Commissioner will find the claimant disabled. 20 C.F.R. § 404.1520(f). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 238 (6th Cir. 2002), (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

### III.  ANALYSIS

#### A.  Substantial Evidence

Judicial review of the denial of a claim for social security benefits is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied. *Wyatt v. Sec'y of Health and Human Services*, 974 F.2d 680 (6th Cir. 1992). The substantial evidence standard "presupposes that there is a zone of choice within which decision makers can go either way, without interference from the court." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (quotes and citations omitted). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lashley v. Sec'y of*

*Health and Human Services*, 708 F.2d 1048, 1053 (6th Cir. 1983). While significant deference is accorded to the ALJ, the standard employed in these cases does not permit a selective reading of the record. Instead, "substantiality of the evidence must be based upon the record taken as a whole. Substantial evidence is not simply some evidence, or even a great deal of evidence. Rather, the substantiality of evidence must be taken into account whatever in the record fairly detracts from its weight." *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984) (citations omitted).

If supported by substantial evidence, the Commissioner's decision must be affirmed even if the Court would decide the case differently and even if the claimant's position is also supported by substantial evidence. *Garcia v. Sec'y of Health and Human Services*, 46 F.3d 552, 555 (6th Cir. 1995); *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994); *Casey v. Sec'y of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993); *Smith v. Sec'y of Health and Human Services*, 893 F.2d 106, 108 (6th Cir. 1989). Thus, the Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g).

In determining whether the ALJ's opinion is supported by substantial evidence, courts may not "try the case de novo, nor resolve conflicts in evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citation omitted). It is the job of the ALJ to make credibility findings after listening to testimony, observing the claimant's demeanor, and evaluating the testimony in light of the written evidence. Credibility determinations are particularly within the province of the ALJ. *Gooch v. Sec'y of Health and*

*Human Services*, 833 F.2d 589 (6th Cir. 1987); *Villarreal v. Sec'y of Health and Human Services*, 818 F.2d 461, 464 (6th Cir. 1987).

McCoy has carried his initial burden of proving the first four steps in the disability determination. The ALJ found that McCoy was not gainfully employed, and that his severe limitations prevented him from performing his past relevant work. Thus, the burden shifts to the Commissioner to show that McCoy is capable of performing other work in the economy. Here, where the ALJ determined that McCoy could do light work, the vocational expert identified a sufficient number of jobs that McCoy could perform. The ALJ consequently confirmed that McCoy was not disabled.

McCoy alleges a number of areas in which the ALJ failed to properly consider the evidence, such that his opinion was not supported by the substantial evidence. First, he contends that the ALJ did not give proper weight to the various psychological reports, nor did he discuss these reports in sufficient detail if he was to discount the opinion of the "examining physician". [Record No. 4, pg. 7-8] Second, he claims that the ALJ failed to take into account the new medical evidence regarding potential cardiovascular problems implicated by McCoy's February 2003 heart attack. [*Id.*, pg. 9] Taken together, McCoy alleges that the weight of the psychological problems and cardiovascular problems would render him disabled. [*Id.*, pg. 10-11]

Because this case was remanded for additional consideration as to the severity of McCoy's limitations, the Court must examine the record to make sure that the ALJ has given proper weight to those limitations. However, as noted above, the Court may not substitute its

own judgment for that of the ALJ. *Garcia*, 46 F.3d 552, 555, *et al*. So long as the ALJ has considered all the evidence in proper detail, his determinations of weight and credibility should not be overturned.

McCoy has made three allegations. First, McCoy asserts that, in order to discount the opinion of the "examining psychologist" Dr. Cooke, the ALJ must discuss in detail how he resolved the conflict in opinion. This allegation should be given special attention, as it is largely the subject of the previous remand order. However, the ALJ more than satisfied his obligation to resolve, in detail, the conflict in testimony. The transcript indicates a number of points in which the ALJ noted the conflicts in the reports. [Tr. 452] The ALJ addressed these points, and cited to the record for support in resolving these conflicts. As this discussion focused on Dr. Cooke's opinion and the ALJ's reasons for giving it less weight, the ALJ has more than met his burden under this Court's remand order.

McCoy also alleges that the ALJ failed to take into account medical evidence that arose after the December 2002 hearing. Specifically, McCoy alleges that the ALJ failed to consider the "severely reduced systolic function" that resulted from McCoy's February 2003 heart attack. However, as the ALJ specifically mentioned McCoy's hospitalization, this allegation is without merit. [Tr. 445] Moreover, while the ALJ determined that McCoy's cardiovascular was well controlled by medication, he still found it to be part of McCoy's severe impairment and took it into account.

McCoy's third allegation is more conclusory in nature. He essentially alleges that the ALJ failed to give proper weight to all the relevant evidence of impairment. As the Court has

-6-


noted above, in multiple locations, determinations of weight and credibility are the province of the ALJ, and the Court will not substitute its own judgment provided the ALJ's determinations are supported by the substantial weight of the evidence. *Gooch*, 833 F.2d 589. Here, the evidence clearly supports the ALJ's determination that McCoy can perform light work, and the vocational expert found a number of jobs which McCoy could perform. Consequently, the decision of the Commissioner to deny benefits will be affirmed.

## IV.  CONCLUSION

For the reasons discussed herein, it is hereby **ORDERED** that:

(1) The Commissioner's Motion for Summary Judgment [Record No. 7] is **GRANTED**;

(2) The Claimant's Motion for Summary Judgment [Record No. 4] is **DENIED**; and

(3) The administrative decision will be **AFFIRMED** by separate judgment entered this date.

This 25th day of January, 2006.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge